IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07CR91-MHT |
| | ) | |
| WILLIAM LENOIRES WRIGHT | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on June 28, 2007. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The court finds there is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(a)(1) and has committed an offense under 18 U.S.C. § 924(c). Pursuant to 18 U.S.C. § 3142(e), a rebuttable presumption of detention exists. The defendant has not rebutted the presumption no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. As explained below there is a serious risk the defendant will not appear and will endanger the safety of another person or the community.

The defendant has a lengthy criminal history which includes a conviction for robbery in the first degree and assault in the second degree. The offense conduct in this case occurred in January 2007 in Autauga County Alabama. In April 2007, the defendant was arrested and charged in Jefferson County Alabama with trafficking in cocaine and attempting to elude. In June 2007 the defendant was charged with possession of a firearm

and possession of marijuana.  In addition, the defendant has numerous failures to appear to respond to traffic citations.  He is currently, substantially in arrears on his child support payments.  In short, the actions of the defendant do not persuade the court that he is likely to abide by any conditions of release.  He presented no evidence rebutting the presumption of detention.

  Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.  In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

  Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an

appearance in connection with a court proceeding.

    Done this 28th day of June, 2005.


                            /s/Charles S. Coody
                          CHARLES S. COODY
                          CHIEF UNITED STATES MAGISTRATE JUDGE

.