IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:07-cr-0091-MHT |
| ) | |
| WILLIAM LENORIES WRIGHT ) | |

### MOTION TO SUPPRESS EVIDENCE OBTAINED THROUGH SEARCH AND DEFENDANT'S STATEMENTS

COMES NOW the Defendant, William Lenories Wright, by and through undersigned counsel, Richard K. Keith, and moves to suppress all items illegally seized as a result of the unconstitutional search of the Defendant's 1983 Chevrolet pickup truck on January 15, 2007 at approximately 9:49pm. The items to be suppressed include any physical evidence seized and statements made during the search and any evidence which are the illegal "fruits" of the search.

### Relevant Facts

On January 15, 2007 Mr. Wright was traveling on I-65 Southbound in Autauga County on his way back from Birmingham with a female friend. Mr. Wright had to swerve to miss a vehicle whereupon his vehicle left the road and stopped in the median. A State Trooper was dispatched to the scene where he observed Mr. Wright and claimed to smell alcohol on his breath. Mr. Wright admitted to consuming alcohol in Birmingham and the State Trooper administered a Preliminary Breath Test, which Mr. Wright consented to. The Trooper detained Mr. Wright only upon the suspicion of driving under the influence of alcohol. Two field sobriety tests were conducted. The State Trooper then inquired with Mr. Wright's friend, Ms. Davis, who was injured. The

Trooper then called a wrecker to tow the defendant's vehicle and began an inventory search of the vehicle. The officers then asked Ms. Davis to get out of the truck so they could conduct a full inventory search. When Ms. Davis moved, the blanket covering her slipped away revealing a gun on the truck's seat. Mr. Wright was placed under arrest for Possession of a pistol without a permit. The search of the vehicle then continued. Officers found a closed Crown Royal bag behind the passenger's seat which contained drugs. The Trooper did not read Mr. Wright his Miranda rights until after the search of the vehicle was finished and after he ran the gun to see if it was stolen. The search was classified as an inventory search, but it exceeded the scope of the officer's discretionary authority. For this reason, the Defendant moves to suppress the evidence seized resulting from the search of his vehicle.

## Discussion

A. <u>The inventory search of Mr. Wright's vehicle exceeded the authority of the detaining officers.</u>

An inventory search is conducted during and after an arrest. An officer may impound the vehicle as long as the decision is made on the basis of "something other than suspicion of evidence of criminal activity." <u>Sammons v. Taylor</u>, 967 F.2d 1533 (11th Cir. 1992). The State Trooper did not arrest Mr. Wright on the scene until after he and another officer had already began searching the vehicle. Mr. Wright was merely detained at the scene on suspicion of driving under the influence of alcohol. At the time of Mr. Wright's detention, there was no suspicion of other criminal activity. The wrecker was called to impound the truck and the officers planned to conduct an inventory search upon merely detaining Mr. Wright. In fact, the officers began the

inventory search before the wrecker even arrived. There had still been no arrests at this point and therefore no reason to conduct a search.

Mr. Wright was arrested after he told the officers he did not have a permit for the pistol on the seat of the truck. Any statements he made immediately following this arrest are inadmissible because Mr. Wright was not read his Miranda rights until after a large amount of time had passed. The officers arrested Mr. Wright, finished searching the car, then looked up the pistol to determine if it was stolen before they read Mr. Wright his Miranda warnings.

When the officers made their decision to conduct an inventory search, the only evidence of criminal activity was their suspicion of Mr. Wright's driving under the influence. Without something more than mere suspicion, and without an arrest, the officers did not have the authority to conduct an inventory search of Mr. Wright's vehicle. Since the search was illegal, the fruits of said search should be suppressed.

B. <u>The State Troopers exceeded their authority when they opened closed containers located behind the passenger's seat of Mr. Wright's vehicle.</u>

Since Mr. Wright's vehicle should not have been searched, any evidence obtained from that search should be suppressed. Additionally, an inventory search of closed containers may be conducted as long as the search is pursuant to standard police procedures and is not conducted in a bad faith effort solely aimed at the investigation of criminal conduct. <u>Colorado v. Bertine</u>, 479 U.S. 367 (1987). The discovery of the closed Crown Royal bag behind the passenger's seat was the result of the illegal inventory search and should be suppressed, along with any contents of that bag. The officers searched the truck, and subsequently the Crown Royal bag, in an effort to find

evidence of other criminal conduct. An inventory search must not be a ruse for general rummaging through a citizen's belongings; rather, it should be a tool to produce an inventory. Individual police officers must not be allowed to use inventory searched merely as a means of purposefully gathering evidence of a crime. Colorado v. Bertine, 497 U.S. 367 (1987).

Where there is no policy in the jurisdiction requiring that closed containers be opened and searched during an inventory search, any evidence obtained during such a search must be suppressed. Florida v. Wells, 495 U.S. 1 (1990). The detaining officers had no business searching the closed container, the Crown Royal bag, behind the passenger's seat of Mr. Wright's truck. The officers exceeded their authority by conducting the search and by opening the closed container. Not only was the inventory search itself illegal, but opening the container and seizing the contents was also illegal. Even after Mr. Wright was arrested, a search of the closed containers in the vehicle was not permissible because the contents of a Crown Royal bag are not innately suspicious. While a police officer may be allowed sufficient latitude to determine whether a particular container should or should not be opened in light of the nature of the search and the circumstances, a Crown Royal bag's contents can be easily ascertainable from the exterior. Florida v. Wells, 495 U.S. 1. The size and shape of such a bag do not indicate it could be a hiding place for weapons or other inventory, therefore, the officers exceeded their authority by opening the bag.

Neither Mr. Wright, nor Ms. Davis, ever consented to a search of his truck. No search warrant was ever produced and no valid exceptions apply. The officers clearly intended to search the vehicle when they called the wrecker, before any arrests were

made, and by doing so, they exceeded their authority. They searched Mr. Wright's truck in an effort to merely obtain evidence of other crimes and based their search on nothing more than suspicion of evidence of criminal activity. Sammons v. Taylor, 967 F.2d 1533 (11th Cir. 1992).

WHEREFORE, the Defendant prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the search of his 1983 Chevrolet pickup truck on I-65 in Autauga on January 15, 2007, and after conducting such hearing, issue an Order granting the motion and suppressing all evidence and statements obtained as a result of the search.

Respectfully submitted this 20th day of September, 2007.

/s/Richard K. Keith
**Richard K. Keith (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, P.C.**
22 Scott Street
Montgomery, AL 36104
Telephone: (334) 264-6776
Facsimile: (334) 265-5362

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007, I electronically filed the foregoing motion with Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Kent B. Brunson, AUSA
Post Office Box 197
Montgomery, AL 36101-0197

/s/Richard K. Keith
**OF COUNSEL**