IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.   ) | |
| ) | Case No.   2:07-cr-0091-MHT |
| WILLIAM LENORIES WRIGHT   ) | |

**DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THE DEFENDANT'S MOTION TO SUPRESS BE DENIED.**

COMES NOW, the Defendant, William Lenories Wright, and lodges his objections to Magistrate Judge Charles S. Coody's recommendation that the Defendant's Motion to Suppress be denied for the following:

I. Trooper Hendrix conducted an inventory search of the Defendant's vehicle based merely upon suspicion of criminal activity.  When the Trooper detained Mr. Wright, he did so upon a *suspicion* of driving under the influence.  Whether Trooper Hendrix could have conducted field sobriety tests is irrelevant to the issue at hand.  The fact of the matter remains that Mr. Wright was detained on suspicion of criminal activity; therefore the inventory search was conducted upon suspicion of criminal activity, which is impermissible. *Sammons v. Taylor*, 967 F.2d 1533 (11th Cir. 1992).

II. Had the Trooper not illegally began an inventory search, the weapon would not have been discovered.  Without the discovery of a weapon, no further search of the vehicle could be reasonably and legally conducted.  It further follows that if conditions were such that alleged field sobriety tests could not be conducted, the conditions would prohibit officers from conducting an inventory

search of the vehicle before it was moved to the police impound lot. The necessary conclusion that follows is the Troopers were looking for evidence of criminal activity. Law enforcement officers cannot use an inventory search as a ruse for rummaging through belongings and purposefully gathering evidence of a crime. *Colorado v. Bertine*, 497 U.S. 367 (1987).

III.    Searching the closed Crown Royal bag was not a justifiable search. Removal of the bag for inventory purposes during an inventory search may be permissible, but opening a closed container, located out of the defendant's reach (behind the passenger seat), is not permissible. *Colorado v. Bertine*, 497 U.S. 367. It does not obviously follow that valuable items could be placed in a Crown Royal bag. The Trooper should have simply inventoried the bag and nothing more. For Trooper Hendrix to open the bag and search inside the closed container is directly indicative of an effort at investigating criminal conduct, which is not permitted. *Colorado v. Bertine*, 497 U.S. 367. While the bag may have been searched after Mr. Wright's arrest, that arrest would have never occurred without the illegal inventory search. Since the arrest was illegal, any fruits of the search incident to arrest must be suppressed.

IV.    While in the suppression hearing, conducted on October 10, 2007, Trooper Hendrix stated immediately after arresting Mr. Wright he advised him of his Miranda Rights. This statement is contrary to statements in Trooper Hendrix's Incident Report made on January 16, 2007. In his Incident Report, the Trooper stated "I then asked Mr. Wright if he had a pistol permit and he stated no. I advised him he was under arrest for Possession of a pistol without a permit.

Myself and Deputy McNatt then continued the inventory search. We then located a Crown Royal bag behind the seat where Mr. Davis [sic] was sitting. In side [sic] the bag was 3 plastic zip lock type bags with a rock like substance believed to be crack cocaine. There was also a clear plastic bag with a green leafy substance believed to be marijuana in the bag. We then ran the pistol through NCIC and discovered it was stolen out of Birmingham. I then read Mr. Wright his Miranda Warning." That is a substantial amount of time between Mr. Wright's arrest and when he was read his Warning. The Magistrate Judge based his recommendation upon statements made in a suppression hearing 9 months after the incident over the written report made a little over 4 hours after the incident. Based on the substantial amount of time between the arrest and the Warning, any statements made by the Defendant should be suppressed. If in fact, Trooper Hendrix did give the Warning immediately upon arrest, it is still clear that a substantial amount of time passed between that Warning and when the Trooper asked the Defendant about the items found in the truck. If this is the case, a second Warning should have been given, due to the large passage of time, and since two Warnings were not given, any statements should be suppressed.

WHEREFORE, the foregoing objections stated, the Defendant, William Lenories Wright, tenders these objections to Magistrate Judge Charles S. Coody's Recommendation that the Defendant's Motion to Suppress be denied.

Respectfully submitted this 21st day of November, 2007.

/s/Richard K. Keith
**Richard K. Keith (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, P.C.**
22 Scott Street
Montgomery, AL 36104
Telephone: (334) 264-6776
Facsimile:  (334) 265-5362

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2007, I electronically filed the foregoing motion with Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Kent B. Brunson, AUSA
Post Office Box 197
Montgomery, AL 36101-0197

/s/Richard K. Keith
**OF COUNSEL**