**RECEIVED**

2007 NOV 26 P 6: 16

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDD. DISTRICT ALA

11/18/07

2:07cr 91-MHT

TO THE HONORABLE Myron H. Thompsom

Your Honor. this is a list of things I'm asking my lawyer to do for me before I come before you. I'm sorry for bothering you at this time. The Lord said for me to let you know. William L. Wright (CR. NO. 2:07cr91-M91-MHT W) Thank you for your time. My GOD bless you and keep you in the name of Jesus.

## THING TO BE SUBPOENA FOR TRIAL EVIDENCE

1. The audiovisual from the UNITED STATES DISTRICT COURT holding cell with Montgomery city Federal Inmates on October 10, 2007 Time 9:00 AM to 2:30 PM ceal #127A

This will have me on it saying that the officer said he got the gun from under Ms. Davis before we went to court and that he didn't give me a breath test on the scene

2. The audio transcipt from the suppression trial on October 10, 2007 Judge Coody 2:30 Trial William Wright v. United States, Case # (CR. NO. 2:07cr 91-MHT W)

You won't hear trooper Hendrix say anything about he gave me a breath test before he put me in his car. You will also hear him say in court that the gun was right under Ms. Davis when she moved to get out the truck. He didn't say anything about a blanket and He never said anything about Deputy M<u>c</u> Natt at all in court. He never said anything about Deputy M<u>c</u> Daniel Who ever that supposed to be. Trooper Hendrix and Deputy M<u>c</u> Natt was the only two officers there.

3. The audio and video from trooper Hendrix patrol car. you will never see me take a breath test and you'll hear trooper Hendrix ask me about the gun and I'll tell him about a B.B. gun and He'll say I'm not talking about that one. Then you hear him telling

he got it from under Ms. Davis. I'll tell him I don't know anything about it. Then He'll keep saying I got it from right under her and I kept telling him I didn't know about the gun. You'll also hear him say do you know anything about this bag and I told him no. Also you'll hear me when I made the 911 calls

4. The audio and video from Deputy McNall car you want see me taking a breath test and you'll see me go up the hill on the other side of the road with Trooper Hendrix and do a field sobriety tests. (F.S.T.)

5. Video from the Autauga Metro Jail
   you'll see me take three breath test right at her each other and Trooper Hendrix was looking very fun like he was surprise I wasn't drunk but he still gave me a DUI.
   You'll see me talk with the A.T.F. officers on the 1/16/07 or 1/17/07
   The officer said in court that I didn't talk with them.
   You'll see Ms. Davis there with a broken collar bone
   You'll never see me take a field sobriety test (F.S.T.)

6. Arrival time of Trooper Hendrix and Deputy McNott the transcripts you'll see both cars was there before I talk with trooper Hendrix. You'll see that it was Deputy McNott there and not Deputy McDaniel

7. Get the departure time from the scene. See how long they kept us there.

For Evidence in
  William WRIGHT   CR.NO. 2:07CR91-MHT
  Subpoena 1-5 for Court evidence

1. Video from both officer Cars
   Deputy McNatt                              1/15/07   6:00 PM to 1:00 AM
   Trooper Hendrix, S.M.
2. Video from Autauga Metro Jail              1/15/07 - 1/17/07
3. Dispatch times and officers/unit number
4. Arrival times and officers/unit number
   you'll need them from the Alabama Highway Patrol Dispatch center as well as the sherrif's Dept. Dispatch center. Get the audio and transcripts from the night of my arrest. Get the departure time from the Scene
5. Get the 911 calls from that night (205) 242-4038

6. Trooper Hendrix never said anything about the Deputy McNatt at the Evidence trial. He never said what side of the car he was on when he saw the gun under Ms. Davis. He never said anything about giving me a breath test before he put me in the car. He said he was going to take me to a gas sation for a field sobriety tests. (F.S.T.) The jugde ask him about the breath test and the F.S.T. and he told him what they was. No one said anything about a Jacket and blanket being in Ms. Davis Lap.
   Who is Deputy McDaniel
7. How many times can they give you a breath test {I was given three of them at the Autauga Metro Jail}

# MOTIONS FOR TRIAL
## TO Be FILED

1. Motion For Transcipt From Suppression Trial

2. Motion in Limine to Exclude Expert testimony

Rule 104(a), Fed R. Evid., Rule 702, Fed. R. Evid. Offense Instructions § 30.6, IN Daubert v. Merrell Dow Pharmaceuticals, 590 U.S. 914 (1993), Kumho Tire Co. Ltd. v. Carmicheal, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174 (1999) United States v. Smith, 122 F. 3d 1355, 1358 (11th Cir. 1997), In United Sates v. Evans, 910 F. 2d 790 (11th Cir 1990), aff'd 504 U.S. 255 (1992), Id. at 803, Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), Id. at 68, 124 S. Ct. at 1374. While the Eleventh Circuit, in United States v. Floyd, 281 F.3d 1346, 1349 (11th Cir 2002) 18 U.S.C. § 922(g) Crawford v. Washington, 541 U.S. 36 (2004), Rules 702 and 803 of the Federal Rules of Evidence

3. ### REQUESTED VOIR DIRE

   I. INSTRUCTIONS TO ENTIRE VENIRE
   II. THE INDICTMENT EXPLAINED
   III. VOIR DIRE EXAMINATION

4.      DEFFNDANT'S REQUESTED JURY INSTRUCTIONS
              CONTENT OF ATTACHED
            DEFENDANT'S REQESTED INSTRUCTIONS

1. Preliminary Intruction before Opening Statements
2. Introduction
3. Duty to Follow Instructions; Presumption of Innocence; Burden of Proof
4. Definition of Reasonable Doubt
5. Credibility of Witnesses
6. Impeachment - Inconsistent Statement
7. Impeachment - Inconsistent Statement
8. Bias and Hostility
9. Number of Witnesses
10. Law Enforcement Witness
11. Expert Witness
12. Pattern Jury Instruction - 18 U.S.C. § 922(g)(1)
13. Theory of Defense Instruction (to be added at the close of goverment's case)
14. On or About; knowingly
15. Evidence Admitted For Limited Purpose
16. Less Satisfactory Evidence
17. No Burden to Present Evidence
18. Caution - Punishment
19. Duty to Deliberate
20. Verdict

5.

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISOIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CR. NO. 2:07cr91-MHT |
| WILLIAM L. WRIGHT | ) | W |

**DEFENDANT'S MOTION IN LIMINE TO REDACT FROM THE INDICTMENT AND EXCLUDE ANY EVIDECE OR TESTIMONY REGARDING PRIOR FELONY CONVICTIONS PURSUANT TO OLD CHIEF V. UNITED STATS**

COMES Now the defendant, William L. Wright, by and through undersigned counsel, and hereby moves in limine for an Order directing the United State to refrain from placing any statement, argument, evidece or testimony before the jury concerning Mr. Wright prior criminal record with the exception of the stipulated fact that on 9/09/69, he was convicted of a felony offense, in the Circuit Court of Montgomery County, Alabama.

In support of this motion, defendant relies upon the case of Old Chief v. United State, 519 U.S. 172 (1997). There, the United States Supreme Court held that in a prosecution for possession of a weapon by a convicted felon, if the defendant admits his status as a convicted felon, the government should be barred, under Rule 403, Fed. R. Evid., from introducing evidence about the nature of the prior offense(s). Therefore, once Mr. Wright agrees to admit his status as a previously convicted felon, and stipulates to the same, the government

should be barred from offering any evidence, testimony, or argument about the type of felony or the sentence received for that offense.

The defendant will stipulate trial to having been convicted of a felony offense in Montgomery County, Alabama, on 9/29/89. The Trial Court will be in a position to inform the jury of the stipulation and the government will not need to prove that element of the offense. Accordingly, there will be no reason for the government or any of its witnesses to provide any records, docords, documentation, testimony, or evidence in support of the element and the defendant's motion should be granted.

Dated this 18th day of Nov. 2007

## MY STATEMENT   WILLIAM L. WRIGHT

The officers pulled up one on the right and left side of the road. I got out my truck and went to the officer on the lift side of the road. I made contact with the officer as he was coming do the hill (Trooper Hendricks). I was telling him that Ms. Daves had broken her collar bone and needed a ambulance. Before i could finish talking with him he told me to come up the hill and walk a straight line for him. I told him as i was going up the hill that i hurt my leg in the accident and I dont know if i could do that of not. I went on up the hill and i did what he ask me. He told me to walk a straight line and to touch my nose. I did it and i was still telling him about Ms. Daves had a broken collar bone and we needed a ambulance. He put the handcups on me and put me in the back of his car. He never gave me a breath test i took was at the Autauga Metro Jail and he gave me three of them right behind each other. It wasn't raining when the officers got there. While i was in the back seat of the officer came and ask me did i know about a gun in my truck and i told him there was a B.B. gun under the driver's seat. He said I'm not talking about that one. Then he was saying that he got a gun from right under Ms. Daves. I told him i didn't know anything about that and he kept saying i got it from right under her. He never ask me about a pistol permit. He left and came back and ask me did i know anything about a pupule bag. I told him no and he left. I call 911 while i was in the back seat of the car because we needed a ambulance for Ms. Daves. I call three times, the last time i call both officers came to the car and Trooper Hendricks ask me did i have a cell phone and he took the phone from me. I was taken to jail and booked thats when i was told about the charges ageins me. I was never read any rights.