## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:07-cr-0091-MHT |
| | ) | |
| WILLIAM LENORIES WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT WILLIAM WRIGHT'S
### REQUEST FOR JURY INSTRUCTIONS

The defendant, by undersigned counsel, hereby requests that the Court give the jury

instructions which are attached hereto at the time it charges the jury on the law in this case.

Respectfully submitted this 29th day of November, 2007.

s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, PC**
22 Scott Street
Montgomery, AL  36104
Telephone:  (334) 264-6776
Facsimile:  (334) 265-5362

### CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, I electronically filed the
foreground with the Clerk of the Court using the CM/ECF system, which will send
notification of such filing to the following:

Kent B. Brunson, AUSA
Post Office Box 197
Montgomery, AL 36101-0197

s/ Richard K. Keith
**OF COUNSEL**

## <u>REQUESTED JURY CHARGE NUMBER 1</u>

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the government.

You must also follow the law as I explained it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all; and if a defendant elects not to testify, you should not consider that in any way during your deliberations. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Pattern Jury Instructions of the District Judges Association
of the Eleventh Circuit, Criminal Cases (1985), §2.2, p.5.

## REQUESTED JURY CHARGE NUMBER 2

The law presumes a defendant to be innocent of crime.  Thus a defendant, although accused, begins the trial with a "clean slate" - with no evidence against him.  And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused.  So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense - the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury will remember that a defendant is never to be convicted upon mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has reasonable doubt that a defendant is guilty of the charge, it must acquit.  If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other guilty - the jury should, of course, adopt the conclusion of innocence.

Devitt and Blackmar, *Federal Jury Practice and Instructions*, Section 11.14

## REQUESTED JURY CHARGE NUMBER 3

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true and accurate. You should decide, whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have any personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Pattern Jury Instructions of the District Judges Association
of the Eleventh Circuit, Criminal Cases (1985), §5, p. 10.

## REQUESTED JURY CHARGE NUMBER 4

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things accurately. So, if a witness has had a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with an unimportant detail.

Pattern Jury Instructions of the District Judges Association
of the Eleventh Circuit, Criminal Cases (1985), §6.2, p. 12.

## REQUESTED JURY CHARGE NUMBER 5

It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or exhibits which that attorney believes is not properly admissible.  Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating to you who I believe should win or lose the case.

Devitt, Blackmar, Wolff and O'Malley, Vol. 1, 4th Ed., §11.03.

## <u>REQUESTED JURY CHARGE NUMBER 6</u>

Tape recordings of conversations have been received in evidence and have been played for you.  Typewritten transcripts of these tape recorded conversations have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves, however, are evidence in the case and the typewritten transcripts are not evidence.  What you hear on the tapes is evidence.  What you read on the transcript is not.  If you perceive any variations between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcript insofar as those words or that speaker are concerned.

Devitt, Blackmar, Wolff and O'Malley, Vol. 1, 4th Ed., §11.10.

## REQUESTED JURY CHARGE NUMBER 7

An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the defendant.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

Devitt, Blackmar, Wolff and O'Malley, Vol. 1, 4th Ed., §13.04.

## REQUESTED JURY CHARGE NUMBER 8

If you believe the evidence in this case did nothing more than create a suspicion, a possibility, speculation, or a guess that the defendant is guilty of the criminal act he is charged with, then that is an insufficient basis for conviction. Circumstances merely causing a suspicion of guilt are insufficient to justify a conviction of crime, and you must find him not guilty.

## REQUESTED JURY CHARGE NUMBER 9

When the Government offers testimony or evidence that a defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the defendant made the statement and (2) if so, how much weight to give to it.  In making those decisions you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Pattern Jury Instructions of the District Judges Association
of the Eleventh Circuit, Criminal Cases (1985), p. 37.

## REQUESTED JURY CHARGE NUMBER 10

If you are reasonably satisfied that a witness has testified willfully, falsely and intentionally to any material fact in this case, then the law says, as to that particular witness, you have a right to disregard entirely the testimony of that witness. If the jury is reasonably satisfied that a witness has willfully and corruptly sworn falsely as to any matter, material to the issues of the case, it may, in its discretion, reject all of the testimony of that witness.

## REQUESTED JURY CHARGE NUMBER 11

The jury is the judge of the facts and of the credibility of the witnesses who have testified in the case; and in weighing the testimony of the witnesses, the jury must consider the manner of each witness on the stand, his manner of testifying, his interest in the cause, his relationship to the parties, and his connection with the case. There are circumstances which the law permits the jury to weigh, in connection with the other evidence in the case, in considering the credibility of the witnesses who have testified in the case.

## REQUESTED JURY CHARGE NUMBER 12

In determining the credibility of witnesses who testified in this case you may take the testimony of the witnesses, apply your common sense, and in an honest and impartial way determine what you believe to be the truth and what you believe to be false, mistaken or error.

## <u>REQUESTED JURY CHARGE NUMBER 13</u>

Under the laws of the United States of America witnesses, including law enforcement officer, are the same.  Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.  You should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer.  You must consider him as any other witness.

## REQUESTED JURY CHARGE NUMBER 14

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves. I remind you that a defendant has the right not to testify. If the defendant does testify, however, his testimony should be weighed and his credibility evaluated in the same way as that of any other witness.

*United States v. Livingston*, 816 F.2d 184 (5th Cir. 1987).

## <u>REQUESTED JURY CHARGE NUMBER 15</u>

When evidence is not readily identifiable and is susceptible to alteration by tampering or contamination, the party offering such evidence must lay a foundation consisting of a "chain of custody" of the item with sufficient completeness to render it improbable that the original item has either been exchanged with another or been contaminated or tampered with.  A chain of custody indirectly establishes the identity and integrity of evidence by tracing its continuous whereabouts. The criterion for admissibility is a showing that the physical evidence proffered is in substantially the same condition as when the crime was committed.  The factors that were considered by the court in deciding whether the criterion had been met regarding the evidence admitted in this case include the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of intermeddlers having been tampered with it.

*United States v. Cardenas*, 864 F.2d 1528, 1531 (10th Cir. 1989) and
*United States v. Gay*, 774 F.2d 368, 374 (10th Cir. 1985).

## REQUESTED JURY CHARGE NUMBER 16

Count 1, Title 18, U.S.C. § 922(g)(1)

If you find after hearing the evidence in this case that on January 15, 2007, in Autauga County, that the defendant did <u>not</u> <u>knowingly</u> possess in and affecting commerce a firearm, you must find him not guilty.

## **REQUESTED JURY CHARGE NUMBER 16(a)**

### Count 1, Title 18, U.S.C. § 922(g)(1)

Ladies and gentleman of the jury, I charge you that to find that the defendant knowingly possessed a firearm, you must find that the defendant, with knowledge, consciously, intelligently, willfully, and intentionally possessed a firearm at the time of his arrest.

*Black's Law Dictionary*
*Abridged 5th Edition*

## **REQUESTED JURY CHARGE NUMBER 17**

Count II, Title 21, U.S.C. § 841(a)(1)

Ladies and gentleman of the jury, I charge you that if you find that the defendant on January 15, 2007, did <u>not</u> knowingly and intentionally possess with intent to distribute more than 5 grams of cocaine base, you must find him <u>not</u> guilty.

## REQUESTED JURY CHARGE NUMBER 17(a)

### Count II, Title 21, U.S.C. § 841(a)(1)

I charge you that to find that the defendant <u>knowingly</u> possessed with intent to distribute cocaine base, you must find that the defendant with knowledge, consciously, intelligently, willfully, and intentionally possessed with intent to distribute more than 5 grams of cocaine base.

*Black's Law Dictionary*

## <u>REQUESTED JURY CHARGE NUMBER 17(b)</u>

<u>Count II, Title 21, U.S.C. § 841(a)(1)</u>

I charge you that to find that the defendant intentionally possessed with intent to distribute cocaine base, you must find that the defendant had the <u>intent</u> to accomplish the distribution of more than 5 grams of cocaine base.

*Black's Law Dictionary*

## <u>REQUESTED JURY CHARGE NUMBER 18</u>

<u>Count III, Title 21, U.S.C. § 844</u>

Ladies and gentleman of the jury, I charge you that if you find that the defendant on January 15, 2007, did <u>not</u> knowingly and intentionally possess marijuana, you must find him not guilty.

## REQUESTED JURY CHARGE NUMBER 19

<u>Count IV, Title 18, U.S.C. § 924(c)(1)(A)(c)</u>

Ladies and gentlemen of the jury, I charge you that if you find that on January 15, 2007, the defendant did <u>not</u> knowingly use and carry a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime (as charged in Count II) you must find him <u>not</u> guilty.