IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07cr91-MHT |
| | ) | |
| WILLIAM LENORIES WRIGHT | ) | |

GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above case.  All of the instructions are 11th Circuit Pattern Instructions.

Respectfully submitted this the 3rd day of December, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

3

<u>Definition of Reasonable Doubt</u>

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

4.2

Evidence - Direct and Circumstantial

Argument of Counsel and

<u>Comment of Court</u>

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

5

Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

7

<u>Expert Witnesses</u>

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field  - -  one who is called an expert witness - -  is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

9.1

On or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  6

4

<u>Possession</u>

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole.  If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

2.1

<u>Confession—Statement (Single Defendant)</u>

When the Government offers testimony or evidence that a Defendant made a

statement or admission to someone, after being arrested or detained, the jury should consider

the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so,

how much weight to give to it. In making these decisions you should consider all of the

evidence about the statement, including the circumstances under which the Defendant may

have made it.

***ANNOTATIONS AND COMMENTS***

*United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994), *cert. denied*, 115 S.Ct. 1801,
131 L.Ed.2d 728 (1995) approved similar instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

73

## POSSESSION OF FIREARM BY CONVICTED FELON

18 USC 922(g)

Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm or ammunition.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:    That the Defendant has been convicted in a court of a crime which is punishable by imprisonment for a term exceeding one year, as charged; and

<u>Second</u>:    That he possessed a firearm or ammunition   as charged; and

<u>Third</u>:    That the firearm or ammunition so possessed traveled in or affected interstate commerce.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

85

Controlled Substances (Possession With Intent To Distribute) 21 USC § 841(a)(1)

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or

offense for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine base is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts

are proved beyond a reasonable doubt:

*First*: That the Defendant knowingly and willfully possessed cocaine base as
charged;

*Second*: That the Defendant possessed the substance with the intent to distribute
it; and

*Third*: That the weight of the cocaine base possessed by the Defendant was in
excess of 5 grams as charged.

To "possess with intent to distribute" simply means to possess with intent to

deliver or transfer possession of a controlled substance to another person, with or without any

financial interest in the transaction. [The Defendant is charged in the indictment with

possessing with intent to distribute a certain quantity or weight of the alleged controlled

substance. However, you may find the Defendant guilty of the offense if the quantity of the

controlled substance for which he should be held responsible is less than the amount or

weight charged. Thus the verdict form prepared with respect to the Defendant, as I will

explain in a moment, will require, if you find the Defendant guilty, to specify on the verdict

your unanimous finding concerning the weight of the controlled substance attributable to the

Defendant.

***ANNOTATIONS AND COMMENTS***

21 USC § 841(a) provides:

> . . . it shall be unlawful for any person knowingly or intentionally—

> (1) to . . . possess with intent to . . . distribute . . . a controlled substance . . . .

Maximum Penalty: Depends upon the nature and weight of the substance involved. *See* 21 USC § 841(b).

The Committee recognizes—and cautions—that sentence enhancing factors subject to the principle of *Apprendi*, including weights of controlled substances under 21 USC § 841(b), are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts. See *United States v. Sanchez*, 269 F.3d 1250, 1257 fn. 51 (11th Cir. 2001) *en banc*, *cert. denied*, _____ U. S. _____, 122 S.Ct. 1327 (2002). Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of *Apprendi*. This would be especially true in simpler cases involving single Defendants. See Special Instruction 10 and the verdict form provided in the Annotations And Comments following that instruction. If the lesser included offense approach is followed, using Special Instruction 10 and its verdict form, then the bracketed language in this instruction explaining the significance of weights and the use of a special verdict form specifying weights, should be deleted.

**11**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

85

Controlled Substances (Possession) 21 USC § 844(a)

Title 21, United States Code, Section 844(a), makes it a Federal crime or offense for anyone to possess a "controlled substance".Marijuana is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> *First*:          That the Defendant possessed marijuana; and
>
> *Second:*       That the Defendant did so knowingly and intentionally.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

35.2

Carrying/Possessing A Firearm During Or In Furtherance Of Drug Trafficking Offense – 18

USC § 924(c)(1)(A)

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime

or offense for anyone to possess a firearm in furtherance of a drug trafficking crime.

The Defendant can be found guilty of that offense as charged in Count 4 of the

indictment only if all of the following facts are proved beyond a reasonable doubt:

*First*: That the Defendant committed the drug trafficking offense charged in Count
2 of the indictment;

*Second*: That during the commission of that offense the Defendant knowingly
possessed a firearm, as charged; and

*Third*: That the Defendant possessed the firearm "in furtherance of" the drug
trafficking offense.

The term "firearm" means any weapon which is designed to, or may readily be

converted to, expel a projectile by the action of an explosive; and the term includes the frame

or receiver of any such weapon or any firearm muffler or firearm silencer.

To "possess" a firearm means that the Defendant either had a firearm on or around his

person *or* transported, conveyed or controlled a firearm in such a way that it was available for

immediate use if the Defendant so desired during the commission of the drug trafficking

offense; and to carry a firearm "in relation to" an offense means that there must be a

connection between the Defendant, the firearm, and the drug trafficking offense so that the

presence of the firearm was not accidental or coincidental, but facilitated the crime by serving

some important function or purpose of the criminal activity. To possess a firearm "in

furtherance" of an offense means something more than mere presence of a firearm; it must be

shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The indictment charges that the Defendant knowingly carried a firearm during and

in relation to a drug trafficking offense and possessed a firearm in furtherance of a drug

trafficking offense. It is charged, in other words, that the Defendant violated the law as

charged in Count 2 in two separate ways. It is not necessary, however, for the Government to

prove that the Defendant violated the law in *both* of those ways. It is sufficient if the

Government proves, beyond a reasonable doubt, that the Defendant knowingly violated the

law in *either* way; but, in that event, you must unanimously agree upon the way in which the

Defendant committed the violation.

***ANNOTATIONS AND COMMENTS***

Title 18 USC § 924(c)(1) provides:

> (c)(1)(A) . . . [a]ny person who, during and in relation to any crime of violence or
> drug trafficking crime (including a crime of violence or drug trafficking crime that
> provides for an enhanced punishment if committed by the use of a deadly or
> dangerous weapon or device) for which the person may be prosecuted in a court of
> the United States, uses or carries a firearm, or who, in furtherance of any such
> crime, possesses a firearm, shall, in addition to the punishment provided for such
> crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less
> than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not
> less than 10 years.

(B) If the firearm possessed by a person convicted of a violation of this subsection—

(i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or

(ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

Maximum Penalty: As stated in statute above and applicable fine. Sentence must be consecutive.

In *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501 (1995), The Court held that "uses" within the meaning of § 924(c)(1) means more than mere possession and more than proximity and accessibility; it requires, instead, active employment of the weapon as by brandishing or displaying it in some fashion.

In 1998, in direct response to *Bailey* (see H.R. Rep. No. 105-344, Oct. 24, 1997, 1997 WL 668339), Congress amended the statute in several respects (Pub. L. 105-386, Nov. 13, 1998, 112 Stat. 3469) including the insertion of the phrase "or who, in furtherance of any such crime, possesses a firearm. . ." The stated purpose and effect of this amendment was to overcome the *Bailey* court's constrictive interpretation of the scope of the statute and to extend its reach to any drug trafficking or violent crime in which the Defendant merely possesses a firearm "in furtherance of any such crime."

The Committee therefore anticipates that present and future indictments brought under § 924(c)(1)(A) will allege either (or perhaps both) "carrying a firearm during and in relation to" or "possession of a firearm in furtherance of" a drug trafficking offense or crime of violence, and that the "use" prong of the statute will be avoided in view of *Bailey*. See *United States v. Timmons*, 283 F.3d 1246 (11th Cir. 2002), in which both carrying and possessing were charged. This instruction was prepared for use when either, or both, carrying and possessing are charged in the same count. *Timmons* is also the primary source of the definitions contained in this instruction.

In *Harris v. United States*, _____ U.S. _____, _____ S.Ct. _____ (2002) (2002 WL 1357227), the Court held that the provisions of the statute requiring enhanced mandatory *minimum* sentences if the firearm is brandished or discharged (§ 924(c)(1)(A)(ii) and (iii)) are sentencing factors for the sentencing judge and are not elements of the offense that must be charged in the indictment and submitted to the jury under the principle of *Apprendi* which applies to factors that would increase the *maximum* sentence allowable. See also *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000). Because the decision in *Harris* rested in part upon the structure of § 924, it is an open question as to whether the decision applies to the sentence enhancing provisions of § 924(c)(1)(B)(i) and

(ii). If the indictment alleges one of those factors, the Committee recommends that the issue be submitted to the jury by modifying the instruction to include that factor as a Fourth Element of the offense.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


UNITED STATES OF AMERICA      )
      )
      v.      )      CR. NO. 2:07cr91-MEF
      )
WILLIAM LENORIES WRIGHT      )


CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following: Richard K. Keith, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov