```
        IN THE DISTRICT COURT OF THE UNITED STATES
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 2:07cr91-MHT |
| WILLIAM LENORIES WRIGHT | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Wright's motions for new trial or judgment of acquittal. One motion was filed by Wright's attorney; the other was filed by Wright *pro se*. (See Doc. Nos. 75-76.) For the reasons discussed below, both motions will be denied.

### I.  BACKGROUND

On December 12, 2007, a jury convicted William Lenories Wright of (1) being a felon in possession of a firearm, 18 U.S.C. § 922 (g)(1); (2) possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1); (3) carrying a firearm in relation to and in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)(I); and (4) possession of marijuana, 21 U.S.C. § 844.

The charges arose from Wright's arrest on January 15, 2007. On that date, Wright and his passenger, Queenie Davis, were involved in a single-vehicle accident while traveling southbound on Interstate 65. Upon determining that Wright was intoxicated and that the single cab pickup truck was so stuck in the mud that it could not be driven away, law enforcement officers undertook

an inventory search prior to impoundment and found a loaded nine-millimeter pistol and distribution-quantities of controlled substances in a Crown Royal Bag located behind the driver's seat. Trial Transcript (Doc. No. 80), at 2-3, 8, 59, 104.  The pistol, which had a round in the chambers, was on the bench seat between Wright and passenger Davis.  (Id. at 7, 51.) In response to a question from State Trooper James Hendrix as to who owned the pistol and the drugs, Wright said, "They belonged to his brother Larry."  Id. at 13, 39-40.  Trooper Hendrix asked him if he had a pistol permit.  He said, "No."  Id. at 13.  Trooper Hendrix then advised Wright that he was under arrest for possession of a pistol without a permit.  Id.  Wright also was arrested for driving under the influence.  Id. at 43.

## II.   LEGAL STANDARDS

On a motion for a new trial on the ground that the verdict is contrary to the weight of the evidence, the court is not required to view the evidence in the light most favorable to the verdict, and it has the power to weigh the evidence and consider witnesses' credibility. United States v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005).  After its analysis of the evidence, the court may order a new trial if "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred."  Id.  Notably, the court "may not reweigh the evidence and set aside the verdict

simply because it feels some other result would be more reasonable." United States v. Martinez, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

In considering a motion for judgment of acquittal after conviction, "the evidence must be considered in a light most favorable to the Government and all inferences must be reasonably drawn in favor of the Government, in order to determine whether there was substantial evidence from which a jury could reasonably find the Defendant's guilt beyond a reasonable doubt." United States v. Fernandez, 905 F.2d 350, 352 (11th Cir. 1990). Put another way, the court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Hernandez, 433 F.3d at 1335. The jury "is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial and the court must accept all reasonable inferences and credibility determinations made by the jury." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989).

### III. DISCUSSION

In the motion filed by Wright's court-appointed attorney, Wright argues that the jury's verdict must be set aside because passenger Davis testified at the trial that by mistake she picked up a jacket in Birmingham that belonged to her son and did not know the pistol and drugs were in the jacket until shortly before the accident in Autauga County. Trial Transcript, at 106-08.

3

The essence of Wright's motion is that because "Davis claimed possession" of the pistol and drugs and testified that Wright had "no knowledge" of the incriminating items, Wright "should have been acquitted" on all counts. (Mot. at 2.)

Wright, however, ignores the contrary evidence. Davis' trial testimony was in sharp dispute with Wright's statement to Trooper Hendrix at the scene that the pistol and drugs belonged to his brother, Larry. Id. at 13. In making that statement, Wright acknowledged that he knew about the presence of the pistol and the drugs in his pickup truck, id. at 32, which fails to square with Davis' assertion at trial that the pistol mistakenly was brought by her in the pocket of her son's jacket. Id. at 106. Also in direct contrast to Trooper Hendrix's testimony,[1] Davis testified at trial that she did not remember telling Trooper Hendrix when he showed her the pistol at the scene that she did not know anything about it. Id. at 115.

In evaluating the witnesses' credibility, the jury apparently found Davis' testimony less convincing than Hendrix's. That decision was eminently reasonable, given, for example, Davis' statement that she had smoked crack cocaine as recently as the previous day, id. at 118-19, and her statement that her addiction to crack cocaine makes it difficult for her to keep a job. (Id. at 101-02.) In addition, it is highly unlikely that

---

[1] Hendrix testified that, at the time of the accident, Davis told him that she did not know anything about the pistol or the drugs. Trial Transcript (Doc. No. 80), at 32-52.

4

she could have failed to notice in the pocket of the jacket the weight of the pistol – which the jury, during deliberations, requested and was allowed to examine and handle.

Davis' trial testimony contains other inconsistencies as well. Davis also was unable to correctly describe the bag of drugs. Deputy Sheriff Kevin McNatt described a Crown Royal liquor bag containing "three or four bags of light rock substance" and stated that "some marijuana [was] in that bag as well," id. at 64, while Davis described merely a clear plastic bag and denied that the drugs had otherwise been packaged. Id. at 107, 115.

Additionally, whether or not Wright had actual possession of the pistol or the drugs, the jury was instructed regarding the doctrine of constructive possession and could rationally have concluded that Wright constructively possessed both. The pistol, situated on the bench seat between Wright and Davis, id. at 35-36, was easily within Wright's reach. Id. at 73.

In light of the government's evidence, the court finds that Wright cannot meet the standard for judgment of acquittal or for a new trial. On the motion for a new trial, the court finds that the jury's verdict of guilty on each count is not contrary to the weight of the evidence and in no way presents a miscarriage of justice. As for the motion for judgment of acquittal, the court finds that the government presented ample evidence for the jury to determine Wright's guilt beyond a reasonable doubt. It is feasible that the jury could have acquitted Wright, but the court

5

has no doubt that a rational trier of fact could have found Wright guilty on all counts.[2]

### IV.  ORDER

For the foregoing reasons, it is CONSIDERED and ORDERED that Wright's motions for new trial or judgment of acquittal are hereby DENIED.  (Doc. Nos. 75-76.)

Done this 28th day of January, 2008.

/s/ Truman M. Hobbs
Senior United States District Judge

---

[2] Wright also filed a *pro se* motion for judgment of acquittal or, in the alternative, a new trial.  (Doc. No. 76.)  Wright has been represented in this criminal proceeding by court-appointed counsel, (Doc. No. 24), and the court has not granted him permission to act as his own counsel.  See Cross v. United States, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (The Eleventh Circuit "has held repeatedly that an individual does not have a right to hybrid representation.").  Wright must make his arguments through motions filed by his attorney, and his *pro se* motion could be stricken on that basis.  See United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998).

In any event, on the merits, the court finds that Wright's arguments are without merit.  For instance, Wright complains that the jury asked for, but was not given, the trial transcript for use during its deliberations.  There, however, was no transcript of the evidence at the time of trial.  Wright is correct that at the time the court first spoke to the jury with regard to its request for a transcript, the court was mistaken in stating that the court reporter was taking the evidence down in shorthand on her machine and that the shorthand had not been recorded in English, but rather was only in her shorthand.  When the court was told later that the court reporter's machine automatically changed her shorthand notes into English on her computer, the court so advised the jury.  The court nevertheless correctly stated that the evidence was not in a transcript that could be passed to the jury.  Moreover, the evidence as finally put in a transcript does not provide any basis for a challenge to the jury's verdict.  See generally Government of the Canal Zone v. Scott, 502 F.2d 566, 570 (5th Cir. 1974) ("Broad discretion is placed in the trial court in deciding whether to provide the jury with the transcript of a particular witness's testimony[.]").