IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 FEB -5 A 9:26
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. NO. 2:07cr91-MHT |
| ) | |
| WILLIAM LENORIES WRIGHT ) | |

## MOTION FOR RECONSIDERATION AND/OR IN THE ALTERNATIVE A clarification

Comes Now the defendant, Pro-se, in the above style cause and hereby files this his motion for Reconsideration and/or in the Alternative A clariforcation. And in support herein states the following:

1. That on or about December 18, 2007, the defendant filed motions for New trial and/or Judgment of acquittal. One motion was filed by defendant's attorney; the other was filed by defendant Pro-se (see Doc. Nos. 75-76.).

2. That on January 28, 2008, the court, in a written memorandum opinion and order, denied defendant's motion. (Doc. No. 81).

3. That simply put, the district court denied defendant's motion on the following ground:

"Wright, however, ignores the contrary evidence.

-1-

Davis' trial testimony was in sharp dispute with Wright's statement to Trooper Hendrix at the scene that the pistol and drugs belonged to his brother, Larry." *Id.* at 4.
See <u>United States v. Beale 921 F.2d 1412, 1434 (11th Cir. 1991)</u>

4. The defendant's argues that trial Judge admitted the above evidence at trial in violation of Federal Law 18 United States Code Section 3501.

5. That § 3501.(a) states, in part, that:
   " Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness."
<u>18 U.S.C. § 3501.(a).</u>

6. That § 3501.(e) states, in part, that:
   "As used in this section, the term "Confession" means any confession of guilt or any criminal offense or any self-incriminating statement made or given orally or in writing."
<u>18 U.S.C. § 3501.(e).</u>

7. That, whereas here, the trial judge after he violates § 3501.(a), abused its discretion, cannot rely on Trooper Hendrix's testimony in denying defendants motion for a New trial and Judgment of acquital.

1. That the trial judge in this case, prior to ruling on defendant motion, was required to Recuse himself; Pursuant to Rule 455.(a) of the Federal Rule of criminal procedures.

2. The defendant argues that the district court "Abused its Discretion" at trial as follows:

    (i) where the trial court withheld the trial Transcript from the Jurors; and,

    (ii) where the trial court allowed inadmissible evidence at trial in violation of § 3501.(a)[1]. See: <u>United States v. Beale</u>, 921 F.2d 1412, 1434 (11th cir. 1991)("Before the government may introduce a suspect's 'uncounseled' statement made during custodial interrogation, it must show that the suspect made a voluntary, knowing and intelligent waiver of his privilege against self-incrimination and his right to counsel.") See Also; <u>Hart v. Attorney General of state of Florida</u>, 323 F.3d 884 (11th cir. 2003).

WHEREFORE, base upon the foregoing facts, the defendant request that the Court Reconsider the denial of his motion for a New trial and judgment of acquittal and/or clarify its ORDER.

Dated Februry 1, 2008

---

1. The privilege against self incrimination is spelled out in the Fifth Amendment, which provides, in pertinent part: "No Person... shall be Compelled in any criminal case to be a witness against himself....." U.S. Const. Amend. V.

-3-

Respectfully Submitted,

_William Lenories Wright_
WILLIAM LENORIES Wright
Montgomery City Jail
P.O. Drawer 159
Montgomery, AL 36101

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I did serve a copy of the foregoing on the following:

    Kent B. Brunson, AUSA
    Post Office Box 197
    Montgomery, AL 36101-0197

and that I hand delivered the foregoing to the prison Guards, to be mailed, on February 1, 2008, pursuant Houston vs. Lack, 487 U.S. 266 (1988). (Prison mail-Box Rule).

_William L. Wright_
William Lenories Wright
Defendant

-4-

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. NO. 2:07 cr 91-MHT |
| ) | |
| WILLIAM LENDRIES WRIGHT ) | |

## AFFIDAVIT OF WILLIAM L. WRIGHT

I, William L. Wright, being duly sworn, depose, and say in support of his motion for Reconsideration and/or clarification of this Honorable court dated 28 January 2008 states as follows:

1. I William L. Wright am the defendant in the above case at bar.

2. The court appointted Richard K. Keith to represent me in these proceedings.

3. Because of a break down in communication I have filed numerous Pro-se motions.

4. On or about 18 December, 2007, I filed a Pro-se motion for Judgment of Acquittal and/or New Trial, after my court appointted Attorney Refused to address all issues Requested.

5. That on 21 January 2008, the production of the Audio

-1-

Poole came to the city Jail, to prepare the pre-sentencing investigation Report. He advised that Richard Keith told him to interview without the present of counsel.

6. That I advised Kevin Poole, that I wanted counsel Present, before answering questions, due to my Fifth Amendment Right against self incrimination was previously invoked.

7. ON 30 January 2008, I received a copy of the court order dated 28 January 2008, That same date, I made several attempts to call Richard Keith, but was unsuccessful. His office refused to accept collect calls.

8. That after approaching a deadline, I filed, Pro-se, The enclosed motion for Reconsider and/or A Clarification

*William L. Wright*
William L. Wright
Montgomery city Jail
P.O. Drawer 159
Montgomery, AL 36101

-2-

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

Pursuant to 28 U.S.C. § 1746, I declare to foregoing to be true under penalty of Perjury

*William L. Wright* (signature)

### CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I did serve a copy of the foregoing on the following:

Kent B. Brunson, AUSA
Post Office Box 197
Montgomery, AL 36101-0197

and that I hand delivered the foregoing to the prison Guards, to be mailed, on February 1, 2008, Pursuant to Houston vs. Lack 487 U.S. 266 (1988). (Prison mail-Box Rule).

*William L. Wright* (signature)
William L. Wright
Defendant

-3-