IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR. NO: 2:07-CR-91-MHT
)
WILLIAM LENORIES WRIGHT )

## DEFENDANTS' MOTION FOR PERMISSION TO FILE A INTERLOCUTORY APPEAL

Comes now the Defendant, William Lenories Wright, in the above style cause of action, Pursuant to 18 U.S.C. § 3161(h)(1)(E) of the speedy Trial act, hereby files this his motion for Permission to File a Interlocutory appeal, and in support herein states the following:

1. That on or about 17 December 2008, the defendant filed motion for new trial or judgment of acquittal. (see Doc. Nos. 75-76).

2. That on 28 January 2008, the district Court denied defendant's motion's (see Doc. 81-1.).

3. That on 1 February 2008, the defendant filed motion for reconsideration and/or clarification. (see Doc. 84.)

-1-

4. That on 6 February 2008, the district Court denied defendant's motion. (See Doc. No. 85-1.).

5. That the defendant should be granted a 'stay of sentencing Hearing' pending the out come of his interlocutory appeal. See United States v. Davenport, 935 F.2d 1223, 1226, 1235 (11th Cir. 1991) (reasonable time necessary for effective preparation is a significant factor for granting a contiuance under the speedy Trial Act); see 18 U.S.C.A. § 3161(h)(1)(E).

6. That the defendant have made numerous request, without success, that his attorney of Record File this Request for permission to file intelocutory appeal for purposes of 18 U.S.C.A § 3161(h)(1)(E).

7. That the attorney of record failure to object allowed the trial Judge to enter unreliable hearsay evidence at trial, in violation of 18 U.S.C.A 3501. See Hart v. Attorney General of state of Florida, 323 F.3d 884 (11th Cir. 2003); see also United State v. Beale, 921 F.2d 1412, 1434 (11th Cir. 1991) (Before the government may introduce a suspect's uncounselled statement made during Custodial interrogation, it must show that the suspect made a voluntary, knowing and intelligent waiver of his privilege against self-incrimination and his right to Counsel.")

8. That the 'defendants' trial Counsel's deficient performance renders the result of the trial unreliabl or the proceeding fundamentally unfair"). see Lockart v. Fretwell ___ U.S. ___, ___, 113 S.ct. 838, 844, 122 L.

-2-

l Ed.2d 180 (1993) (holding that under Strickland, performance renders the result of the trial unreliable or the proceeding fundamentally unfair")." Counsel has an obligation to consult with his client on important decisions and to keep him informed of important developments in the course of the prosecution. See Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 84 L.Ed 2d 674 (1984).

WHEREFORE PREMISES CONSIDERED, the defendant respectfully requests that this motion be granted.

Respectfully submitted, this 11th day of February, 2008.

_William T. Wright_
William Lenories Wright
Montgomery City Jail
P.O. Drawer 159
Montgomery, AL 36101

-2-

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, I did serve a copy of the foregoing on the following:

    Kent B. Brunson, AUSA
    Post office Box 197
    Montgomery, AL. 36101-0197

and that I hand delivered the foregoing to the prison Guards, to be mailed on February 11, 2008, Pursuant to Houston vs. Lack 487 U.S. 266 (1988) (Prison mail-Box Rule).

_William Lenorius Wright_
William Lenorius Wright
Defendant

-4-